**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

BART ELLIS SHOUPE
REG. #44194-080                                                                                          PETITIONER

VS.                                              4:91CR00018 SWW/JTR

UNITED STATES OF AMERICA                                                                  RESPONDENT

### ORDER

Petitioner, who is currently incarcerated at the Federal Correctional Institute located in Big Spring, Texas, has filed a Petition for a Writ of Error *Coram Nobis*. (Docket entry #2.) Pending before the Court[1] is a Motion to Proceed *In Forma Pauperis* (docket entry #6) and a Motion to Appoint Counsel and/or Motion for Extension of Time to File Reply. (Docket entry #7.)

Because this *coram nobis* proceeding is considered to be part of Petitioner's underlying criminal case, his Motion to Proceed *In Forma Pauperis* is denied, as moot, since there is no need for a filing fee to initiate an original action.

Petitioner's request for appointment of counsel is also denied. Beyond a direct appeal of his underlying conviction, Petitioner has no Sixth Amendment right to counsel in a post-conviction attack on his conviction. *See United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999) (no

---

[1] The Petition was originally docketed as a civil habeas corpus proceeding pursuant to 28 U.S.C. § 2241, *United States of America v. Shoupe*, E.D. Ark. 4:06CV00014 JMM/JTR. The Court administratively closed that case and directed the Clerk to file the Petition in Petitioner's underlying criminal case. (Docket entry #1.) The Honorable Susan Webber Wright, United States District Judge, was assigned to the case by random draw, and Judge Wright has in turn referred the Petition to this Court for recommended disposition, and for disposition of the pending Motions. (Docket entry #8.)

general right to counsel in a 28 U.S.C. § 2255 motion). By analogy to habeas claims, the Court may, in its discretion, appoint counsel if: (1) the action is factually or legally complex; or (2) the petitioner is unable to investigate or articulate his claims without court-appointed counsel. *Morris v. Dormire*, 217 F.3d 556, 558 (8th Cir. 2000). After careful consideration, the Court concludes that the factual and legal issues presented in this case are not complex, and that Petitioner has demonstrated his ability to investigate and articulate his claim in a clear manner.

Petitioner's Motion to Appoint Counsel also includes a request for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings.[2] Petitioner requests: (1) the transcript of his suppression hearing; (2) the transcript of his trial; (3) the Motion to Suppress filed by trial counsel and the Government's Response; (4) the appellant briefs filed by the parties in the Eighth Circuit; (5) copies of all "other motions" filed by the parties in the underlying criminal case; (6) a copy of the police report and "other documents the Government used in its case-in-chief to support the testimony of the officers;" (7) a copy of the unredacted "report of investigation" that is attached as Exhibit B to the Petition; and (8) any "*Brady/Agurs*" evidence in the Government's possession or known to the government."

The Government has not filed a Response to Petitioner's Motion. Therefore, the Court will hold Petitioner's request for discovery in abeyance pending a Response from the Government that addresses the merits of Petitioner's discovery request, to include whether any of the requested materials are reasonably available. Finally, the Court will grant Petitioner's request for an extension of time, to and until May 12, 2006, to file a Reply to the Government's Response. (Docket entry #5.)

---

[2] Due to the similarities between *coram nobis* proceedings and proceedings under 28 U.S.C. § 2255, some courts have applied the section 2255 procedure by analogy in *coram nobis* cases. *See United States v. Mandanici*, 205 F.3d 519, 527 (2d Cir. 2000).

IT IS THEREFORE ORDERED THAT:

1.	Petitioner's Motion to Proceed *In Forma Pauperis* (docket entry #6) is DENIED, AS MOOT.

2.	Petitioner's Motion to Appoint Counsel and/or Motion for Extension of Time to File Reply (docket entry #7) is GRANTED IN PART, and DENIED IN PART. Petitioner's request for appointment of counsel is DENIED. Petitioner's request for an extension to file a Reply is GRANTED. Petitioner's request for discovery is HELD IN ABEYANCE.

3.	Petitioner shall file a Reply to the Government's Response (docket entry #5) on or before June 2, 2006.

4.	The Government shall file a Response to Petitioner's Motion for Discovery (docket entry #7) on or before May 19, 2006.

Dated this 8th day of May, 2006.

/s/ J. Thomas Ray
UNITED STATES MAGISTRATE JUDGE